IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SNIK LLC,<br><br>    *Plaintiff,*<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    *Defendants*. | CASE NO. 2:19-CV-00387-JRG |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG
ELECTRONICS AMERICA, INC.'S MOTION TO STRIKE
PLAINTIFF'S SECOND AMENDED INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1
II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND............................... 3
    A. Snik's Original Infringement Contentions Had Only Boilerplate Language Regarding DOE. .................................................................................................. 3
    B. Months After Its Original Contentions, Snik Continued to Repeat the Same Boilerplate DOE Language. ................................................................................ 4
    C. Nearly Seven Months After the Original Contentions, Snik Then Again Repeated the Same Boilerplate DOE Language. ................................................ 6
    D. The Prior-Served Charts Were the Basis of the Parties' Agreement to Add New Products to the Case and to Seek an Extension. ......................................... 6
    E. The Court Adopted Snik's Claim Construction Positions. ................................. 9
III. LEGAL STANDARD........................................................................................................ 9
    A. Amendments to Infringement Contentions May Only be Made in Good Faith (3-6(a)(1)) or for Good Cause (3-6(b)). ..................................................... 9
    B. DOE Requires Plaintiff to Demonstrate that Its Theory Does Not Ensnare the Prior Art. ...................................................................................................... 10
IV. ARGUMENT..................................................................................................................... 10
    A. There is No Good Faith Basis to Amend Under P.R. 3-6(a)(1). ...................... 10
    B. Snik's Alternative Request to Amend Under P.R. 3-6(b) Should be Denied for Lack of Good Cause. ................................................................................... 11
        1. Snik Has Not Been Diligent.................................................................. 12
        2. Snik's Actions Demonstrate Its DOE Theory is a Mere "Backup" Theory........................... 13
        3. Infringement Under DOE May Not be Available................................. 13
        4. Samsung is Prejudiced by this Amendment.......................................... 14
        5. The Court Has Stated It Would Not Further Extend the Schedule Barring Extraordinary Circumstances.................................................... 15
V. CONCLUSION................................................................................................................. 15

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Eolas Techs. Inc. v. Amazon.com, Inc.*,
 No. 6:15-CV-01038, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016) ........................................ 4

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
 535 U.S. 722 (2002) ............................................................................................................. 13

*G. David Jang, M.D. v. Boston Scientific Corp.*,
 872 F.3d 1275 (Fed. Cir. 2017) ................................................................................. 3, 10, 14

*Implicit, LLC v. Huawwei Techs. USA, Inc.*,
 No. 6:17-CV-00182-JRG, 2018 WL 11182156 (E.D. Tex. July 2, 2018) ...................... 10, 11

*Nike, Inc. v. Adidas Am. Inc.*,
 479 F. Supp. 2d 664 (E.D. Tex. 2007) ............................................................................ 12, 13

*Sycamore IP Holdings LLC v. AT&T Corp.*,
 No. 2:16-CV-588-WCB, 2017 WL 4517953 (E.D. Tex. Oct. 10, 2017) ................... 11, 12, 13

*Sycamore IP Holdings LLC v. AT&T Corp.*,
 No. 2:16-CV-588-WCB, 2018 WL 1695231 (E.D. Tex. Apr. 6, 2018) ...................... 2, 9, 11

*Tivo Inc. v. Samsung Elecs. Co.*,
 No. 2:15-CV-1503-JRG, 2016 WL 5172008 (E.D. Tex. July 22, 2016) ............................... 6

**Other Authorities**

Patent Rule 3-6 ............................................................................................................... *passim*

I.       **INTRODUCTION**

On December 9, 2020, without leave or agreement, Plaintiff Snik, LLC ("Snik") served "Second Amended Infringement Contentions" under the premise that it was allowed to under P.R. 3-6(a)(1). Of course, 3-6(a)(1) only allows amendment if, *e.g.*, a party believes in "good faith" that the Court's claim construction ruling requires the amendment, but as the Court adopted Snik's proposals for construction, it was not clear what basis there was for the amendment. Accordingly, Samsung wrote Snik that same day and, among other things, asked Snik to provide its "good faith" basis. Snik's response, ultimately, was simply that the "broad constructions" adopted by the Court were "unexpected." Moreover, Snik stated that even if it did not have a good faith basis, it would, **if Samsung moved to strike**, **then** argue that its amendments were permitted under 3-6(b) (*i.e.*, for good cause).

First, putting aside the merits of the issues, this is not how the Rules are supposed to work. In particular, Samsung believes the Rules were created for orderly disclosure, but more importantly, that they were not created to be weaponized to force a non-amending party (*i.e.*, without the burden to establish good faith or good cause) to first move to strike, then the party seeking amendment would make the argument for leave in the alternative.

Second, there is no plausible basis for "good faith" under P.R. 3-6(a)(1) as the Court's claim construction order adopted Snik's proposals. Snik's continued argument under this premise (*i.e.*, that it has such a basis) is an abuse of the Rules and Samsung respectfully requests the Court reject such conduct and impose any further relief it deems appropriate.

Third, Snik does not, in the alternative, have good cause under 3-6(b)(1). For example, Snik has not been diligent. In particular, by its proposed amendments, Snik attempts to add contentions of infringement under the Doctrine of Equivalents ("DOE"). When Snik served its original infringement contentions on **March 23, 2020**, Snik included a boilerplate statement

related to DOE, which Samsung pointed out was insufficient. Snik did nothing to amend those contentions. Instead, on **June 10, 2020**, Snik reached out to Samsung seeking to add an accused product—the Buds+ earphones—but, subsequently, Snik neither moved (under P.R. 3-6(b)) to add those in the case, nor rectified its deficient boilerplate DOE statement (or otherwise changed its assertion). Then, on **August 12, 2020**, Snik reached out to Samsung again to add yet another accused product—the Buds Live earphones. And again, as with the Buds+, Snik neither moved to add the Buds Live to the case, nor did anything with DOE. Snik has therefore had months to properly assert DOE, and it has not.

In addition, Snik's argument that it did not have the information/documents to make a DOE assertion is incorrect. Specifically, as to the Buds and Level U products (discussed below), Snik has had, *e.g.*, source code and documents for months—since at least May 18, 2020 when Samsung served its P.R. 3-4 production. For all other products, Snik has not articulated what information it did not previously have such that it can only assert DOE now (*i.e.*, to substantiate the good cause for the amendment). That is, Snik asserts that it would not have been possible to make a DOE argument until now, but it does not explain why. Indeed, given the generic nature of the DOE contentions, it is not clear why Snik could not have made them months ago. And so, not only was Snik not diligent, it also cannot argue that the DOE allegations are important (*e.g.*, as otherwise, why would it have waited so long to amend?). In this district, "[t]he rules have teeth" and Snik must be held to the consequences for its own failures. *See Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2018 WL 1695231, at *11 (E.D. Tex. Apr. 6, 2018) (Bryson, J., sitting by designation) ("*Sycamore II*") (denying motion to amend infringement contentions to add DOE, and stating that the plaintiff's "situation may be unfortunate, but it is a product of its own failure to follow the rules.").

Finally, Samsung would be prejudiced with Snik's proposed amendment. In particular, the introduction of DOE into the case now, after months of litigation and a recent extension by the Court (where it stated no further extension would be given absent extraordinary circumstances), would deprive Samsung of the opportunity to develop its defenses. For example, with its allegations of DOE, Snik implicates the doctrine of ensnarement. *See G. David Jang, M.D. v. Boston Scientific Corp.*, 872 F.3d 1275, 1285 (Fed. Cir. 2017). Under the doctrine, it is Snik's burden to demonstrate that its infringement theory does not ensnare the prior art. Samsung needs time to obtain this discovery/position from Snik (*e.g.*, at least 30 days), then an opportunity to counter the theory with prior art (*e.g.*, 45 days and amended invalidity contentions as well as time for discovery into third-party systems). Had Snik disclosed a DOE theory when it was required to (*e.g.*, March 23, 2020 for the Buds) this would not be an issue. Indeed, even if Snik had disclosed this to Samsung prior to the recently negotiated motion for a 90-day extension (during the hearing for which Snik stated it would not agree to 120 days), Samsung could have either opposed the motion/expansion of the case or asked for more time. But, having hid the issue (or otherwise not been diligent) and waiting to spring the new theory just seven days after the agreed-to amendments, Snik's disclosure prejudices Samsung's ability to respond.

Accordingly, Snik's proposed Second Amended Contentions should be stricken (as improper under 3-6(a)) or leave denied (under 3-6(b)).

## II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.  Snik's Original Infringement Contentions Had Only Boilerplate Language Regarding DOE.

On March 23, 2020, Snik served its original infringement contentions (the "Original Contentions"), accusing one product (Galaxy Buds) of infringing the '329 patent, and three products (Galaxy Buds, Level U Pro, and Level U Pro ANC) of infringing the '556 patent. (Ex. 1

3

at 2). The sum total of Snik's disclosure of infringement under DOE in its Original Contentions was the following statement:

> P.R. 3-1(d). Snik is informed and believes that the accused products, devices, processes, methods, acts or instrumentalities infringe either literally or through the doctrine of equivalents.

Ex. 1 at 2. This statement appears twice in Snik's cover pleading for its Original Contentions (Ex. 1 at 2), and once in the preamble for each of the two charts attached thereto. *Id.* at '329 chart at p. 1, '556 chart at p. 1).

Just a week later, on March 30, 2020, Samsung wrote to Snik, explaining, among other things, that Snik's blanket assertions of infringement under DOE failed to meet the requirements of P.R. 3-1(d). Ex. 2. Samsung further cited *Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 6:15-CV-01038, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016) and informed Snik that, as it failed to provide a proper contention of infringement under DOE, Snik could not later assert DOE in the case. Ex. 2 at 1. On April 6, 2020, Snik responded, stating without legal support that it was "premature at this juncture for Snik to provide detail with respect to the doctrine of equivalents" and that Snik would "amend its Contentions as P.R. 3-6 permits" after further discovery in this case "and/or after the Court enters its Claim Construction order." Ex. 3 at 1.

On May 18, 2020, Samsung produced technical documents and made available source code pursuant to P.R. 3-4.

### B. Months After Its Original Contentions, Snik Continued to Repeat the Same Boilerplate DOE Language.

On June 10, 2020, Snik informed Samsung that it "will move the Court pursuant to Local Patent Rule 3-6(b)" to amend its contentions to add the Buds+, among other products, and asked if Samsung would "stipulate to Snik's motion for leave to amend." Ex. 4 at 1-2.

4

On June 17, 2020, Samsung responded, noting, among other things, that Snik—by its own admissions—had been aware of the Buds+ for over five months and had not provided any good cause. Ex. 5 at 1-2. On June 23, 2020, the parties met and conferred and, on June 26, 2020, Snik provided Samsung with a copy of its proposed amended claim charts. *See* Exs. 6, 7.

On July 2, 2020, Samsung noted several issues with Snik's proposed amended charts, namely, that they included, among other things, not just charts against the Buds+, but also new/revised theories of infringement **against the Buds** (previously accused). Samsung asked Snik to address these issues. Ex. 8. Notably, the proposed amended charts against the Buds and Buds+ had the same boilerplate statement as before regarding DOE.

On July 13, 2020, Snik declined to revise its proposed amended charts to address Samsung's concerns and blamed Samsung's discovery/production for any issues with the contentions. Ex. 9. Moreover, without articulating how these discovery issues related to good cause, Snik stated that it intended to: (a) file a motion to compel further discovery, (b) serve amended contentions on Samsung, and (c) "move the Court for leave to amend once the Court orders Samsung's compliance with its discovery obligations." Ex. 9.

**Snik then did nothing.** It did not, for example, articulate the grounds for the discovery issue (and, more importantly, how that would substantiate good cause to amend), request a further meet and confer, file a motion to compel, or seek leave of Court to amend its contentions under P.R. 3-6(b). Instead, on August 4, 2020, in an apparent attempt to end-run P.R. 3-6(b), Snik simply filed a First Amended Complaint adding allegations against the Buds+ and attaching the proposed claim charts as exhibits. D.I. 37.

### C. Nearly Seven Months After the Original Contentions, Snik Then Again Repeated the Same Boilerplate DOE Language.

On August 12, 2020, Snik requested Samsung agree to Snik amending its complaint and infringement contentions to add another product, the Buds Live. Ex. 10. On August 19, 2020, Samsung responded and requested, among other things, the proposed amended charts. Ex. 11 at 1. Samsung also reminded Snik that since it did not seek leave to amend its contentions, the Buds+ remained outside the scope of the case because the only way for Snik to add products into the case is by amending its infringement contentions. Ex. 11 at 1 (citing *Tivo Inc. v. Samsung Elecs. Co.*, No. 2:15-CV-1503-JRG, 2016 WL 5172008 (E.D. Tex. July 22, 2016)).

**Two months later**, on October 13, 2020, Snik provided proposed claim charts for the Buds Live, and asked Samsung if it would stipulate to Snik adding the Buds Live to the case. Exs. 12, 13, 14. The charts had, again, the same DOE boilerplate language as in the Buds and Buds+ charts. Ex. 13 at 1; Ex. 14 at 1. This was over six months after the March 23 Original Contentions.

On October 20, 2020, Samsung responded and noted, among other things, that Snik let the issue sit for two months and that this delay was emblematic of Snik's course of conduct in this case. Ex. 15. Nevertheless, Samsung asked Snik to provide the good cause pursuant to P.R. 3-6(b) for adding the Buds Live. Ex. 15 at 3. On October 21, 2020, Snik responded, purporting to outline Snik's "good cause" to add the Buds+ and Buds Live. Ex. 16. But, rather than demonstrating diligence, Snik attempted to blame its own failures and months of delay on Samsung. *Id.*

### D. The Prior-Served Charts Were the Basis of the Parties' Agreement to Add New Products to the Case and to Seek an Extension.

Samsung disagreed with Snik, or that any discovery issue would impact the contentions or relate to Snik's failure of diligence. Ex. 17. In any event, in an effort to compromise and reduce the issues for the Court, Samsung agreed that it would not oppose a motion by Snik to add the

6

previously disclosed charts for the Buds+ and Buds Live. *Id.*; Ex. 18. However, for the Buds Live, Samsung would not oppose only if the Court granted a 90-day extension to all dates to cure the prejudice to Samsung. Ex. 18. Fundamental to this agreement was that Snik would amend only to **add the previously disclosed charts**. *Id.*

On November 20, 2020, Court granted the extension. D.I. 74. On December 2, 2020, the Court entered an Amended DCO, setting December 2, 2020 as the date to serve amended infringement contentions. D.I. 80. Without the extension, fact discovery would have ended on December 10, 2020. *Id.* On December 2, 2020, Snik served amended infringement contentions (the "First Amended Contentions"), with the same previously disclosed charts, as agreed. Ex. 19. In particular, as with its Original Contentions, the only reference to DOE was the following statement:

> P.R. 3-1(d). Snik is informed and believes that the accused products, devices, processes, methods, acts or instrumentalities infringe either literally or through the doctrine of equivalents.

Ex. 19 at 2, 3.

Seven days later, on December 9, 2020, without leave or agreement, Snik served what it referred to as its Second Amended Infringement Contentions (the "Second Amended Contentions"). Ex. 20. These contentions differed from those Snik served a week earlier in that, in addition to containing the same boilerplate language in the cover pleading and preamble to each claim chart, Snik added the following form language to various elements in each of the claim charts (varying only the specific referenced Accused Product and Element):

> Samsung Galaxy Buds contain elements and/or perform steps that literally meet or are equivalent to the element of an electronic device controller coupled to receive an activation signal/deactivation signal when one or more of the set of earphones are decoupled/coupled from/to the one or more magnets inasmuch as a person of ordinary skill in the art would have considered the differences between the claim limitations and the Samsung Galaxy Buds products to be insubstantial or would believe that an electronic device controller in the Samsung Galaxy Buds products performs substantially the same function, works in substantially the same way, to achieve substantially the same result with respect to an activation signal/deactivation signal as in the claim where the controller is coupled to receive an activation signal when the earbuds are decoupled/coupled from/to the magnets.

Ex. 20 (Second Amended Contentions), Exhibit 1 at 18.[1] On December 9, 2020, Samsung asked Snik to confirm that it was proffering its Second Amended Contentions under P.R. 3-6(a) and, if so, to explain the good faith basis (*e.g.*, how the claim construction adopted by the court was "unexpected or unforeseeable"). Snik responded on December 13, 2020, and asserted it amended "as of right per P.R. 3-6(a)" and that the "broad constructions of activation/deactivation signal and couple/decouple" made the "impact of the ruling . . . unexpected." Ex. 21. Snik also asserted that it "can be permitted to amend pursuant to P.R. 3-6(b)." *Id.*

Samsung requested a meet-and-confer, and subsequently, on December 16, 2020, Snik informed Samsung that if Samsung moved to strike Snik's Second Amended Contentions, then Snik intended to argue that its contentions "are permissible pursuant to 3-6(b) and the Court's broad discretion to allow amendments." Ex. 22. Samsung responded the same day and confirmed,

---

[1] This language is substantively identical across all of Snik's claim charts, with substitutions merely for the specific referenced Accused Product and Element. (*See, e.g.*, Second Amended Contentions, Ex. 1 at 18, 24-25, 51, 56-57, 82, 88-89, 97, 104-05, 125-26, 131-32, 137, 143-44, 150-51, 156-57, 177, 182-183, 240, 246-47, 255, 261-62, 276-77, 282-83; Second Amended Contentions, Ex. 2 at 12, 26, 44, 52, 69, 77, 86, 104, 139, 150, 162; Second Amended Contentions, Ex. 3 at 23, 28, 95-96, 101-02, 164-65, 170, 219, 229, 234-35, 240-41, 245, 257, 273-74, 279-80, 284, 314; Second Amended Contentions, Ex. 4 at 15, 52, 83).

among other things, that Snik would not seek leave—and only intended to make its request for leave in the alternative and only if Samsung filed a motion to strike. Ex. 23.

    **E.**    **The Court Adopted Snik's Claim Construction Positions.**

On November 9, 2020, the Court issued its Claim Construction Order. For each disputed term, the Court adopted Snik's proposal for plain and ordinary meaning or alternative construction. D.I. 68 at 9, 16-17, 22:

| Term | Snik's Proposed Construction | Court's Construction | Samsung's Proposed Construction |
| --- | --- | --- | --- |
| "activation signal" | Plain and Ordinary Meaning (or if the Court believes a construction is necessary, **"start signal"**) | **"start signal"** | "signal that starts an operation on an electronic device" |
| "deactivation signal" | Plain and Ordinary Meaning (or if the Court believes a construction is necessary, **"stop signal"**) | **"stop signal"** | "signal that stops an operation on an electronic device" |
| "decoupled" | **Plain and Ordinary Meaning** (or if the Court believes a construction is necessary, "disconnected or disassociated") | **Plain and Ordinary Meaning** | "physically separated" |
| "coupled" | **Plain and Ordinary Meaning** (or if the Court believes a construction is necessary, "connected or associated") | **Plain and Ordinary Meaning** | "physically connect(ed)" |

**III.**    **LEGAL STANDARD**

    **A.**    **Amendments to Infringement Contentions May Only be Made in Good Faith (3-6(a)(1)) or for Good Cause (3-6(b)).**

A party claiming infringement may amend its infringement contentions without leave of Court within 30 days of receiving service of the Court's claim construction ruling if it "believes in good faith" that the ruling so requires. P.R. 3-6(a)(1). Good faith requires that the ruling be "unexpected or unforeseeable." *Sycamore II*, 2018 WL 1695231, at *4 ("[C]ourts in the Eastern

9

District of Texas have uniformly required the movant to show that the claim construction adopted by the court was 'unexpected or unforeseeable.'") (citing cases).

Apart from P.R. 3-6(a)(1), amendment of infringement contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). This Court has previously reviewed four factors in its analysis of good cause: "(1) the offending party's explanation for the untimeliness; (2) the importance of the amendment or evidence that might be excluded; (3) the potential prejudice to the movant; and (4) the availability of a continuance to cure any prejudice." *Implicit, LLC v. Huawwei Techs. USA, Inc.*, No. 6:17-CV-00182-JRG, 2018 WL 11182156, at *3 (E.D. Tex. July 2, 2018).

### B. DOE Requires Plaintiff to Demonstrate that Its Theory Does Not Ensnare the Prior Art.

DOE allegations cannot "encompass or 'ensnare' the prior art." *Jang*, 872 F.3d at 1285 (discussing requirements for same, including "hypothetical claim analysis," which looks to determine whether a hypothetical claim constructed to literally cover the accused device would be patentable over the prior art). *Id.* It is the patentee's burden to prove patentability of the hypothetical claim. *Id*.

### IV. ARGUMENT

#### A. There is No Good Faith Basis to Amend Under P.R. 3-6(a)(1).

Snik's argument that the Court's claim construction was "unexpected or unforeseeable" is without merit.[2] As noted above, the Court adopted Snik's positions. Indeed, even if the Court had agreed with Samsung's constructions, that still would not meet the good faith standard as **any**

---

[2] Based on Snik's course of conduct in this case, now having forced Samsung to brief the issue, it would not be surprising if Snik abandons its P.R. 3-6(a) position (*e.g.*, as it never actually had a basis in the first instance) and relies only on P.R. 3-6(b).

10

**construction proposed in the case** cannot be "unexpected or unforeseeable." *See, e.g., Implicit*, 2018 WL 11182156, at *4-5 ("All of the constructions entered were proposed by one of the Parties…. Accordingly, the Court finds that [Plaintiff] is unable to avail itself of P.R. 3-6(a) following claim construction."); *Sycamore II*, 2018 WL 1695231, at *4-*9 (examining numerous opinions in this District holding that the court's adoption of claim constructions proposed by the parties is neither unexpected nor unforeseeable under P.R. 3-6(a)).  Samsung requests the Court strike the Second Amended Contention as improper under 3-6(a) and impose any further relief it deems appropriate.

> **B.   Snik's Alternative Request to Amend Under P.R. 3-6(b) Should be Denied for Lack of Good Cause.**

As a threshold issue, though Snik may argue that this is a technicality—and that the Court can consider 3-6(b) factors in a response to a motion to strike—the Rules should not be so disregarded.[3]  Moreover, by employing this tactic, Snik effectively flips the burden by making Samsung first brief why good cause does not exist before Snik briefs why it does.

To the extent the Court will entertain Snik's alternative request, it should still be denied for failure to show good cause under the four factor test: (1) explanation for untimeliness; (2) the importance of the amendment or evidence that might be excluded; (3) potential prejudice; and (4) the availability of a continuance to cure any prejudice. *See Implicit*, 2018 WL 11182156, at *3 (evaluating the four factors in finding no good cause to amend infringement contentions under P.R. 3-6(b)); *see also Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2017 WL 4517953, at *2-*6 (E.D. Tex. Oct. 10, 2017) ("*Sycamore I*") (evaluating a similar "non-

---

[3] Though the Court has indeed addressed a request for leave under 3-6(b) in response to a motion to strike (*see Implicit, LLC*, 2018 WL 11182156, at *3), in this instance Snik abuses the grace shown by this Court as Snik has no colorable basis to assert good faith under 3-6(a) (*i.e.*, Snik is gaming the system by itself using a technicality that allows Parties to amend without leave).

exclusive list" of five factors); *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 668-70 (E.D. Tex. 2007) (same).

### 1. Snik Has Not Been Diligent.

Snik served its Original Contention on March 23, 2020. As to the Buds and Level U products, Snik has had, *e.g.*, source code and documents since at least May 18, 2020. Snik also sent Samsung amended charts (*i.e.*, on June 26, on October 13, on December 2), and even filed amended charts on August 4 as exhibits to its First Amended Complaint (D.I. 37), and yet never before asserted anything beyond the same boilerplate DOE statement in its Original Contentions.

No doubt, Snik will attempt to deflect from its failures by blaming Samsung—saying that Samsung did not provide sufficient documents. This is not correct. For example, Snik's argument is contradictory because it argues that it does not have any information for, *e.g.*, the Buds Live, yet seeks to amend its contentions to add DOE for those same products. Indeed, given the generic language of its DOE contentions (*see supra* at pp. 7-8), it is not clear why Snik could not have made them months ago.[4] Moreover, even if there was some substance needed for Snik's DOE contentions, Samsung has produced (*e.g.*, provided access to) the source code for the Buds since May, yet Snik never sought to inspect the code. In addition, Snik has not taken a single deposition of Samsung in the case. Accordingly, Snik has delayed for months, without substantive explanation, which resulted in its proposed amendment being untimely, and any request to amend now under 3-6(b) should be denied. *See, e.g.*, *Sycamore I*, 2017 WL 4517953, at *4 ("A delay of several months has been found to weigh against a party's request for leave to file amended

---

[4] This is also contrary to what Snik often states as an excuse: "I don't know what I don't know." In this instance, it seems there was nothing it did not know (*e.g.*, as it has now proposed DOE contentions with the same knowledge it had, *e.g.*, months ago) or it was its own fault for failing to investigate/pursue it.

infringement contentions, particularly where, as here, the party has provided no justification for the delay.").

### 2. Snik's Actions Demonstrate Its DOE Theory is a Mere "Backup" Theory.

It is important to note that without the extension granted by the Court, expert reports would have been due on December 10, 2020. December 9, 2020 is the first time Snik disclosed the DOE position it seeks to add now. Surely, Snik may have thought this timing was fine because the Court granted the extension. Yet, as noted above, Snik has had months to provide its position and has sent Samsung multiple amendments to their infringement contentions, without once disclosing this new position. Snik has also taken no depositions nor articulated why they need DOE versus what they already have in their literal infringement allegations.[5] *See, e.g.*, *Sycamore I*, 2017 WL 4517953, at *4 (striking untimely infringement contentions containing new DOE allegations where "at most the doctrine of equivalents theory is only a back-up theory of liability against [defendant] and a theory that emerged late in the development of the case").

### 3. Infringement Under DOE May Not be Available.

Moreover, it is likely that DOE is barred by *Festo*. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733-34 (2002); *see Nike*, 479 F. Supp. 2d at 670 (granting motion to strike amended infringement contentions adding DOE allegations where, "on first glance", DOE "may be severely limited by prosecution history estoppel"). For example, in the '329 patent:

- Element 1(c) (*i.e.*, where Snik asserts DOE) was added to narrow original claim 1 to overcome rejection (Ex. 24 [Aug. 8, 2014 Office Action] at 2; Ex. 25 [Aug. 21, 2014 Amend.] at 2); and

---

[5] If the Court allows Snik Second Amended Contentions, Samsung reserves the right to seek to strike such theories on the merits. *See, e.g.*, *Sycamore I*, 2017 WL 4517953, at *3, *6 (finding Plaintiff's DOE contentions insufficient in its operative infringement contentions and striking DOE theories from expert report).

13

- Element 1(c) was further amended (to also require "wherein the electronic device controller receives a deactivation signal when one or more of the set of earphones are coupled to one of the one or more magnets") following a second rejection (Ex. 26 [Apr. 29, 2015 Office Action] at 3; Ex. 27 [May 18, 2015 Amend.] at 2).

For the '556 patent, for example, claim 1, and specifically element 1(c) (where Snik asserts DOE) also narrowed the original claim through multiple amendments following multiple unpatentability rejections:

- Claim was amended to recite that the head phones controller is "coupled to receive an activation signal when one or more of the second surfaces of the set of head phones are decoupled from one of the one or more outer surfaces" to overcome rejection (Ex. 28 [Jan. 7, 2015 Office Action] at 4; Ex. 29 [Apr. 3, 2015 Amend.] at 3);

- Further amended to also require "magnetic" second surfaces and "magnetically attractable" first surfaces following further rejection (Ex. 30 [July 8, 2015 Office Action] at 4; Ex. 31 [Aug. 31, 2015 Amend.] at 2);

- Further amended to require that headphones are "removed and" decoupled following further rejection No. 2013/0129110 ("Harper") (Ex. 32 [Feb. 5, 2016 Office Action] at 6-7; Ex. 33 [June 20, 2016 Office Action] at 3-4; Ex. 34 [Sept. 30, 2016 Amend.] at 2); and

- Further amended to its final form by adding "a magnetic decoupling is detected" and "wherein the activation signal causes transmitted audio to be played in the headphones" in response to further rejection (Ex. 35 [Dec. 23, 2016 Office Action] at 5-6; Ex. 36 [March 23, 2017 Amend.] at 2).

### 4. Samsung is Prejudiced by this Amendment.

As noted above, if DOE is introduced into the case, so will ensnarement. Ensnarement precludes a patent owner from asserting infringement under DOE if it will encompass or "ensnare" the prior art, and it is **Snik's burden in the first instance** to explain that its infringement theory does not ensnare the prior art. *Jang*, 872 F.3d at 1285, 1287. If the amendment is entered, Samsung would need to seek discovery of Snik's position (*e.g.*, through interrogatories and additional request for admissions), then (and in part parallel) seek prior art in response (*e.g.*, amend its invalidity contentions). Given the current schedule has expert reports due on March 10, 2021,

14

there would be little time to handle these issues while continuing to proceed with the other issues in the case.

### 5. The Court Has Stated It Would Not Further Extend the Schedule Barring Extraordinary Circumstances.

In recently granting an extension in the case schedule, the Court noted that "[a]bsent extraordinary circumstances, the Parties should not expect any further extensions." D.I. 74. Snik's late attempt to add DOE is not an extraordinary circumstance (*e.g.*, given it could have introduced the issue well before). To the extent, however, that the Court deems it proper to allow the amendment and seeks to cure prejudice with a continuance, Samsung would request a 60-day extension to all dates in the schedule as well as leave to amend its invalidity contentions within 45 days of the Second Amended Contentions being allowed.

## V. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court strike Snik's Second Amended Infringement Contentions.

December 29, 2020                                                         Respectfully submitted,

                                                                                                           /s/Jin-Suk Park
Jin-Suk Park
jin.park@arnoldporter.com
Paul Margulies
paul.margulies@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC  20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5555

Ryan M. Nishimoto
ryan.nishimoto@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017

15

Telephone: (213) 243-4000
Facsimile: (213) 243-4199

-and-

Melissa Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX  75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2020, I electronically filed the foregoing Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Motion To Strike Plaintiff's Second Amended Infringement Contentions, with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

<i>/s/Melissa R. Smith</i><br>
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel has complied with the meet and confer requirement of Local Rule CV-7(h) and that the motion is opposed. Counsel for Defendants Samsung Electronics Co., Inc. and Samsung Electronics America, Inc., conferred in good faith with counsel for Plaintiff Snik, LLC on multiple occasions as outlined in this motion. The parties reached an impasse, leaving an open issue for the Court to resolve.

<i>/s/Melissa R. Smith</i><br>
Melissa R. Smith