**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **Snik LLC,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **Samsung Electronics Co., Ltd.; and Samsung Electronics America, Inc.,** <br><br> **Defendants.** | **Civil Action No. 2:19-cv-00387-JRG** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE SECOND AMENDED INFRINGEMENT CONTENTIONS AND IN THE <u>ALTERNATIVE MOTION FOR LEAVE UNDER P.R. 3-6(b)</u>**

# <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ................................................................................................1

II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .....................3

III.    ARGUMENT ......................................................................................................7

      A.      Plaintiff Has A Good Faith Belief That The Court's Claim
Construction Order Warranted Amendment to Plaintiff's
Infringement Contentions ................................................................................7

      B.      In the Alternative, Plaintiff Requests Formal to Serve Its Previously
Disclosed Second Amended Infringement Contentions Pursuant to
P.R. 3-6(b) Based On Good Cause ...................................................................8

            1.      Plaintiff Has A Good Explanation For Not Amending Its DOE
Contentions Earlier ..............................................................................9

            2.      Plaintiff's Amendments to Its DOE Theory Are Important................11

            3.      Defendants Will Suffer No Prejudice If The Court Permits
Plaintiff's Amendments ......................................................................11

            4.      Because Defendants Will Suffer No Prejudice If The Court Permits
Plaintiff's Amendments, a Continuance Is Unnecessary....................13

            5.      Whether Plaintiff's DOE Allegations May Be Limited By Prosecution
History Estoppel Is Not A Proper Basis On Which To Deny
Plaintiff Leave to Amend Its Infringement Contentions.....................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arbitron, Inc. v. Int'l Demographics Inc.*
  No. 2:06-CV-434 (E.D. Tex. Jan 16, 2009) ...................................................13

*Cell and Network Selection LLC v. AT&T Inc.*
  No. 6:13-CV-403, 2014 WL 10727108 (E.D. Tex. Nov. 10, 2014) ..................9, 11, 13

*Computer Acceleration Corp. v. Microsoft Corp.*
  503 F. Supp. 2d 819 (E.D. Tex. 2007) ...........................................................7

*Festo Corp. v. Shokestsu Kinzoku Kabushiki Co.*
  535 U.S. 722 (2002) ......................................................................................14

*G. David Jang, M.D. v. Boston Scientific Corp.*
  872 F.3d 1275 (Fed. Cir. 2017) ...................................................................12

*Garmin Ltd. v. Tomtom, Inc.*
  No. 2:06–CV–338, 2007 WL 2903843 (E.D.Tex. Oct. 3, 2007) ...................11

*Glob. Sessions LP v. Travelocity.com LP*
  No. 6:10-CV-671, 2012 WL 1903903 (E.D. Tex. May 25, 2012) ..................8

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*
  360 F. Supp. 3d 541 (E.D. Tex. 2018) ......................................................8, 13

*Lake Cherokee Hard Drive Tech., LLC v. Bass Computers, Inc.*
  No. 2:10-CV-216-JRG, 2012 WL 2565273 (E.D. Tex. July 2, 2012) .........................11

*SSL Services , LLC v. Citrix Systems, Inc.*
  No. 2:08-CV-158-JRG, 2012 WL 12904284 (E.D. Tex. Mar. 16, 2019) .................7, 9

*VirnetX Inc. v. Cisco Sys., Inc.*
  No. 6:10-CV-417, 2012 WL 12546881 (E.D. Tex. Oct. 22, 2012)................................8

## Codes

Fed. R. Civ. P. Rule 30(b)(6) ..................................................................................5

Patent Rule 3-1................................................................................................3, 4, 7

Patent Rule 3-1(c) ................................................................................................7

Patent Rule 3-1(d)..................................................................................................................7

Patent Rule 3-2.....................................................................................................................4

Patent Rule 3-6(a)(1)......................................................................................................7, 8, 9

Patent Rule 3-6(b)..........................................................................................................7, 8, 9

Plaintiff Snik LLC files this Response in Opposition to Defendants' Motion to Strike Plaintiff's Second Amended Infringement Contentions.  D.I. 84.

## I.      INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung") have consistently failed to satisfy their written discovery and disclosure obligations.  As a result, Defendants have impeded the right of Plaintiff, Snik LLC, to information and documents concerning products that are clearly similar to products that Plaintiff originally accused.  Accordingly, the Court should deny Defendants' motion for at least the following reasons[1]:

First, Plaintiff timely and properly served its Second Amended Infringement Contentions pursuant to P.R. 3-6(a)(1), which provides a party thirty (30) days to amend its infringement contentions without leave of Court after a final claim construction ruling.  Plaintiff believed in good faith that the Court construed the claim terms at issue more broadly than anticipated, that the positions taken by Defendants during claim construction contributed to Plaintiff's understanding of its potential Doctrine of Equivalents ("DOE") theories, and that the Claim Construction Ruling permitted Plaintiff to amend its infringement contentions to provide more detail concerning its previously disclosed DOE contentions.

Second, in the event that the Court deems it necessary, Plaintiff respectfully moves for formal leave to amend its infringement contentions.  Plaintiff has good cause to amend pursuant to P.R. 3-6(b).  Plaintiff has included DOE in its infringement contentions from the outset. Plaintiff only amended its infringement contentions to provide more detail regarding its

---

[1] Defendants failed to submit any admissible evidence in support of their Motion to Strike. Specifically, Defendants did not submit any declaration in which to authenticate or lay necessary evidentiary foundation for the 36 supporting exhibits they filed.  Plaintiff has filed objections to Defendants' exhibits concurrently with this Response.

previously-disclosed DOE contentions.   Further, Defendants have ample time to conduct discovery and prepare defenses to Plaintiff's infringement theories, expert discovery has yet to begin, and Plaintiff served its Second Amended Infringement Contentions more than three months before the close of fact discovery and the deadline for expert reports, March 10, 2021.  Second Amended Docket Control Order, D.I. 80.  Defendants have yet to take a single deposition of Plaintiff itself.   Trial does not commence until August 2, 2021.  D.I. 74. Defendants suffer no prejudice whatsoever if Plaintiff is permitted leave to amend its infringement contentions, and no continuance is necessary.  Conversely, Plaintiff's DOE theory is important because it provides an alternate means to prove infringement.  In the event that the Court deems that Plaintiff's Second Amended Infringement Contentions requires formal leave, Plaintiff formally requests leave to cure any potential issues Defendants identify.

As stated above, Defendants have abused the discovery process for over a year, playing hide-the-ball.  For months Samsung concealed technical product information concerning Galaxy Buds, Galaxy Buds+, and Galaxy Buds Live.[2]  Samsung has failed to produce such technical information despite many attempts by Plaintiff to address the issue through the meet and confer process.   Additionally, Defendants unilaterally cancelled the Rule 30(b)(6) depositions that Plaintiff noticed, the notices for which included topics concerning the structure, features, functionality, and operation of the accused products. *Id.* ¶ 8. Now, incredibly, Samsung complains that Plaintiff has not been diligent where Samsung has deliberately played four-corners, stall-ball with respect to its disclosure and discovery obligations.

---

[2]  Samsung did not produce critical technical documents regarding Galaxy Buds+ until December 18, 2020. Declaration of John S. Kyle ("Kyle Decl.") ¶ 11. Remarkably, Samsung has yet to produce routine sales data concerning any of the accused products despite several promises that such information would be forthcoming. *Id.* at ¶ 12.

Despite Defendants' obstructive and improper tactics, Plaintiff has attempted to cooperate with Defendants to avoid burdening the Court with motion practice, and has amended its infringement contentions in accordance with the Local Rules and based on the limited information and documents Defendants have provided. Had Samsung abided by its obligations—and it has not—Plaintiff would have had necessary information to add further specificity to its DOE contentions.  It is the epitome of *chutzpah*—and manifestly inequitable—for Samsung to have abused the discovery process as it has, yet complain of the adequacy of Plaintiff's DOE contentions.  The Court should deny this Motion or, in the alternative, should grant Plaintiff leave to amend its infringement contentions.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case involves Defendants' infringement of U.S. Patent Nos. 9,167,329B2 and 9,769,556B2 (together the "Patents-in-Suit").

- In March 2018, Plaintiff presented the Patents-in-Suit to Defendants in Seoul for the purpose of Defendants to licensing and/or purchasing the Patents-in-Suit, or to otherwise enter into a business arrangement.  Defendants evaluated the Patents-in-Suit and elected not to do business with Snik. ¶17 of Complaint, D.I. 1.

- Plaintiff filed this action on November 25, 2019.  D.I. 1.  In its Complaint, Plaintiff identified as accused products Defendants' Galaxy Buds, Level U Pro, and Level U Pro Active Noise Cancelling wireless headphones ("Accused Products").[3]

- On March 23, 2020, Plaintiff served its Disclosure of Asserted Claims and Infringement Contentions in accordance with P.R. 3-1 ("Infringement

---

[3] Plaintiff originally filed a complaint in the Tyler Division of this Court on October 9, 2019. Snik dismissed that case on November 25, 2019 without prejudice under F.R.C.P. Rule 41(a)(1)(A)(i). Kyle Decl. ¶ 2.

Contentions").  Plaintiff's Notice of Compliance of P.R. 3-1 and 3-2, D.I.17; and Defendants' Ex. 1.   In its Infringement Contentions, Plaintiff disclosed with respect to each of the Patents-in-Suit that it "is informed and believes that the accused products, devices, processes, methods, acts or instrumentalities infringe either literally or through the doctrine of equivalents" and provided detailed disclosure of how it believed the accused products infringed, either literally or through DOE.  Defendants' Ex. 1 at 2 and in each of the attached claim charts.

- On April 17, 2020, Plaintiff served Defendants with its First Set of Interrogatories and First Set of Requests for Production of Documents, both of which sought information and documents which would have assisted Plaintiff in its decision of whether to amend its infringement contentions to (a) accuse additional products or (b) amplify its DOE contentions.  Kyle Decl. ¶¶ 3-4; Pls. Exs. 1 and 2.

- On May 18, 2020, Defendants served Objections and Responses to Plaintiff's First Set of Interrogatories.  Kyle Decl. ¶ 5; Pls. Ex. 3.  Notably, Defendants refused to respond to any of the interrogatories specifically directed to its newly released Buds+ product.  *See*, e.g., Pls. Ex. 3, Defendants' Response to Interrogatory No. 19.  Moreover, Defendants refused to identify any earphone products other than those specifically identified in Plaintiff's Infringement Contentions.  Pls. Ex. 3, Defendants' Response to Interrogatory Nos. 1-3. Further, Defendants failed to serve any response or objections to Plaintiff's Requests for Production of Documents.   To date, Defendants have still not produced the majority of documents responsive to those requests. Kyle Decl. ¶ 11.

- Three months later, on August 7, 2020, Defendants served Supplemental Objections and Responses to certain of Plaintiff's First Set of Interrogatories.  Kyle

Decl. ¶ 6; Pls. Ex. 4.  Defendants failed to supplement their responses to the interrogatories seeking information about other potentially infringing products or their responses specifically directed to the functionality of the Buds+.  Pls. Ex. 4.

- Between June and November of 2020, Plaintiff attempted to satisfy Defendants' endless and burdensome demands in its efforts to meet and confer with Defendants for the purpose of reaching agreement to allow Plaintiff to add Defendants' newly released Galaxy Buds+ and Galaxy Buds Live as accused products.  Defendants' Motion to Strike at 4-7.  Ultimately, the parties reached agreements allowing Plaintiff to add the new products, which agreements included a joint request that the Court grant a 90-day extension of all remaining dates.  D.I. 67.  On November 20, 2020, the Court reset the trial and pretrial conference dates pursuant to the parties' request.  D.I. 74.  On December 2, 2020, the Court entered a Second Amended Docket Control Order, extending all remaining deadlines by 90 days.  D.I. 80.

- On November 9, 2020, the Court issued its Claim Construction Order.  D.I. 68.

- On November 17, 2020, Plaintiff served Notices of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) for Defendants, setting the depositions for December 3 and December 7, 2020.  Kyle Decl. ¶ 7; Pls. Exs. 5 and 6.

- On November 23, 2020, Defendants notified Plaintiff that they were unilaterally cancelling the depositions of Defendants' 30(b)(6) witnesses.  Kyle Decl. ¶ 8; Pls. Ex. 7.

- Pursuant to the Second Amended Docket Control Order, on December 2, 2020, Plaintiff served its First Amended Disclosure of Asserted Claims and Infringement Contentions.  Notice of Compliance, D.I. 81.

- On December 4, 2020, Plaintiff sent a letter to Defendants regarding their continued failure to produce responsive documents and to provide any written response to Plaintiff's First Set of Requests for Production of Documents. Kyle Decl. ¶ 9; Pls. Ex. 8.  In particular, Plaintiff's December 4 letter advised of Defendants' failure to produce sufficient documents demonstrating the functionality of the Accused Products, and complete failure to produce any documents reflecting the functionality of the reasonably similar Galaxy Buds + or the Galaxy Buds Live products.  Pls. Ex. 8 at 3-4.

- Within 30 days of the Court issuing its Claim Construction Order, on December 9, 2020, Plaintiff served its Second Amended Disclosure of Asserted Claims and Infringement Contentions to provide additional detail in support of its DOE contentions in response to the Court's constructions of the disputed claim terms "activation signal," "deactivation signal," "couple(d)" and "decoupled," and based on the limited technical documents Defendants had produced as of that date.  Kyle Decl. ¶ 10.

- As of the filing of this Response, other than deposing Plaintiff's patent prosecution attorney, Defendants have not taken a single deposition of Plaintiff.  Kyle Decl. ¶ 13.

As of the date of this Response, the deadline for completion of fact discovery and for disclosures for expert witnesses is March 10, 2021.  D.I. 80.  Expert discovery is set to close on April 19, 2021, and dispositive motions are to be filed by April 26, 2021.  D.I. 80.  Trial is scheduled in this matter for August 2, 2021.  D.I. 80.

## III.    ARGUMENT

### A.    Plaintiff Had A Good Faith Belief That The Court's Claim Construction Order Warranted Amendment to Plaintiff's Infringement Contentions

P.R. 3-6(a)(1) permits a patentee to serve amended infringement contentions to amend its contentions with respect to the information required by P.R. 3-1(c) and (d), without leave of Court and not later than 30 days after service of the Claim Construction Ruling, if that party believes in good faith that the Court's Claim Construction Ruling so requires.  The Local Patent Rules were created "to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases."  *Computer Acceleration Corp. v. Microsoft Corp.,* 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007).  The right to amend pursuant to P.R. 3-6(a)(1) is subject to the Court's duty to protect parties from unfair prejudice through "eleventh hour alterations."  *SSL Services , LLC v. Citrix Systems, Inc.,* No. 2:08-CV-158-JRG, 2012 WL 12904284, *2 (E.D. Tex. Mar. 16, 2019).  To that end, the Court requires that the patentee have a good faith belief that the claim construction requires the amendment, and the Court recognizes the subjective nature of the good faith analysis.  *Id.*

The Court adopted Plaintiff's claim construction positions.   The Court's broad constructions together with Defendants' claim construction arguments, however, furthered Plaintiff's understanding of Defendants' positions and the impact of the claim constructions. To be sure, Plaintiff advocated for either no constructions or plain and ordinary construction of the disputed terms, but Plaintiff knows well the uncertainties involved in patent litigation such that Plaintiff did not have any certainty that the Court would adopt its positions. Indeed, Plaintiff did not become certain of what constructions the Court may adopt until the Court issued the Claim Construction Order on November 9, 2020.  D.I. 68.  Obviously, the Court's broad constructions of "activation signal," "deactivation signal," "couple(d)," and "decoupled" bear on all of

Plaintiff's infringement theories, to include DOE.  Defendants' positions in claim construction briefing and at oral argument also provided Plaintiff with additional insight about the impact of broad constructions of the disputed claims on Defendants' view of infringement.  Thus Plaintiff's amendment to its infringement contentions with respect to DOE were warranted because Plaintiff believed in good faith that the constructions favored amendment.

Moreover, the situation here does not implicate the Court's concern about protecting parties from unfair prejudice through eleventh hour alterations because the parties are not near the eleventh hour.  *See VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2012 WL 12546881, at *2 (E.D. Tex. Oct. 22, 2012) (clarifying that while amendments to infringement contentions are permissible under the rules, such amendments "cannot leave a party high and dry on the eve of trial."). This case is not "on the eve of trial." Discovery remains open.  Fact discovery does not close until March 10, 2021, and expert discovery does not close until April 19, 2021.  D.I. 80. Further, merely providing additional detail to a theory already set forth in the original infringement contentions does not justify striking a party's amended infringement contentions. *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 559 (E.D. Tex. 2018); and *Glob. Sessions LP v. Travelocity.com LP*, No. 6:10-CV-671, 2012 WL 1903903, at *6 (E.D. Tex. May 25, 2012) (stating that it is permissible to amend infringement contentions to add specificity and detail concerning acts of alleged infringement).  Finally, Defendants cannot be "unfairly" prejudiced where Defendants failed to provide Plaintiff with the information, documents and testimony Plaintiff requested earlier to fully evaluate DOE.  Pls. Exs. 1-8. As explained below, it is Defendants' hide-the-ball conduct that has prevented Plaintiff from offering more explicit recitation of DOE.

> **B.   In the Alternative, Plaintiff Requests Formal Leave to Serve Its Previously Disclosed Second Amended Infringement Contentions Pursuant to P.R. 3-6(b) Based On Good Cause**

Assuming *arguendo* that the claim constructions adopted by the Court were not sufficiently unexpected to warrant amendment without leave of court under P.R. 3-6(a)(1), Plaintiff alternatively requests formal leave for the Court to allow its previous served Second Amended Infringement Contentions pursuant to P.R. 3-6(b).

Plaintiff has good cause for the Court to grant it leave to amend under P.R. 3-6(b).  Indeed, the Court "has broad discretion to allow amendments to infringement contentions and considers four factors on ruling on motions for leave to do so:  (1) the explanation for the party's failure to meet the deadline; (2) the importance of what the Court is excluding; (3) the potential prejudice if the Court allows the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice."  *SSL Services , LLC v. Citrix Systems, Inc.,* No. 2:08-CV-158-JRG, 2012 WL 12904284, *2-3 (E.D. Tex. Mar. 16, 2019) (denying Defendant's Motion to Strike Plaintiff's Amended Infringement Contentions based on Plaintiff's satisfaction of the good faith requirement under P.R. 3-6(a)(1) and on Plaintiff's establishment of good cause to amend under P.R. 3-6(b) according to the four-factor test); and *Cell and Network Selection LLC v. AT&T Inc.*, No. 6:13-CV-403, 2014 WL 10727108, *4-5 (E.D. Tex. Nov. 10, 2014) (denying Defendant's Motion to Strike Second Amended Infringement Contentions in light of Plaintiff's combined Response In Opposition to Motion to Strike and in the Alternative Motion for Leave Under P.R. 3-6(b), finding Plaintiff had shown good cause for amending its infringement contentions and electing to abstain from determining whether Plaintiff had also satisfied the "good faith" requirement of P.R. 3-6(a)(1).).

### 1.    Plaintiff Has A Good Explanation For Not Amending Its DOE Contentions Earlier

As discussed above, Plaintiff has been seeking information and documents concerning the structures and functionality of Accused Products since April of 2020.  Pls. Exs. 1, 2, 5 and 6.

Defendants have improperly disregarded this Court's rules and the Federal Rules of Civil Procedure by refusing to provide the requested discovery.[4]  Pls. Exs. 3, 4, 7, and 8.  Defendants even have the audacity to advise the Court in their Motion that "Snik has not taken a single deposition of Samsung in the case."  Defendants' Motion at 12.  That is only true because **Defendants unilaterally cancelled the noticed depositions** and have failed to produce documents that would assist in the taking of such depositions.  Pls. Ex. 7.  Stated otherwise, it is Defendants who believe that the rules do not apply to them.

Further, Defendants' suggestion that they made source code and technical documents available to Plaintiff as of May 18, 2020 is disingenuous.  Defendants refused to provide Plaintiff with any information, documents or source code regarding the Galaxy Buds+ or the Galaxy Buds Live products until December 2020.  Kyle Decl. ¶ 11; Pls. Ex. 8.  Even after Plaintiff repeatedly advised Defendants of their obligation to provide information and documents relating to products that are reasonably similar to Accused Products, Defendants refused to do so.  Pls. Ex. 8.  It would have been both inefficient and unduly expensive for Plaintiff to have reviewed source code relating to only certain Accused Products when the parties knew that Plaintiff was entitled to additionally review the source code for the Galaxy Buds+ and the Buds Live products.  Moreover, it is both unreasonable and in contravention of the Court's April 20, 2020 Standing Order regarding the COVID-19 pandemic to expect Plaintiff to send a representative to Defendants' offices twice to review source code, with the risk that entails, especially in California.

---

[4] Plaintiff has met and conferred with Defendants concerning their ongoing failure to satisfy their discovery and disclosure obligations, and anticipates filing one or more motions to compel in short order.  In addition to failing to produce documents reflecting the structures and functionality of all Accused Products, Defendants have also failed to produce any relevant sales data which Plaintiff requires to evaluate its damages.  Kyle Decl. ¶ 12.  During a recent meet and confer conference, Defendants oddly admitted they had not yet produced documents reflecting sales data due to purported settlement discussions between the parties.  Kyle Decl. ¶ 12.

Based on Defendants' disclosed positions during claim construction and the Court's Claim Construction Ruling, Plaintiff amended its DOE contentions in early December.  Plaintiff was not dilatory in supplementing its existing DOE contentions. This factor weighs in favor of granting Plaintiff leave to amend.

### 2.     Plaintiff's Amendments to Its DOE Theory Are Important

Plaintiff's amended DOE contentions are important.  District courts have long recognized that a DOE theory is important because it provides "an alternate means to prove infringement." *Garmin Ltd. v. Tomtom, Inc.*, No. 2:06–CV–338, 2007 WL 2903843, at *7 (E.D. Tex. Oct. 3, 2007); and *Cell and Network Selection LLC v. AT&T Inc.*, No. 6:13-CV-403, 2014 WL 10727108, *3 (rejecting Defendants' assertion that Plaintiff failed to provide sufficiently specific evidence as to why Plaintiff's addition of a DOE theory in its amended contentions was important, and finding the factor weighed in favor of allowing the Plaintiff to amend).  This factor weighs in favor of allowing Plaintiff here to amend its contentions.

### 3.     Defendants Will Suffer No Prejudice If The Court Permits Plaintiff's Amendments

The sole basis for prejudice that Defendants identify is that the remaining time to conduct discovery will be insufficient for Defendants to investigate whether Plaintiff's DOE contentions ensnare the prior art.  First, when Plaintiff served its Second Amended Infringement Contentions on December 9, 2020, Defendants had three (3) months remaining to conduct fact discovery and more than four (4) months to conduct expert discovery.  D.I. 80.  Those periods provided Defendants with more than ample time to seek discovery concerning an ensnarement defense. Second, Defendants have not yet taken the deposition of any Snik representative besides the patent attorney who prosecuted the Patents-in-Suit.  *See Lake Cherokee Hard Drive Tech., LLC v. Bass Computers, Inc.*, No. 2:10-CV-216-JRG, 2012 WL 2565273, *2 (E.D. Tex. July 2, 2012) (stating

that as to the third factor of prejudice, the only appreciable prejudice suffered by Defendants was that they had already taken a 30(b)(6) deposition based on the operative infringement contentions, but that such "minimal prejudice is readily curable and does not rise to a level that would weigh against a finding of good cause.")

Third, Defendants have not cited any case in which a court denied Plaintiff leave to amend DOE allegations on the ground that Plaintiff had failed to demonstrate that its infringement theory did not ensnare the prior art.  Instead, Defendants cite *G. David Jang, M.D. v. Boston Scientific Corp.*, 872 F.3d 1275 (Fed. Cir. 2017) regarding patentee's burden when faced with an ensnarement defense.  *Jang* makes clear that ensnarement should be decided after discovery on motion for partial summary judgment, motion *in limine*, or motion for judgment as a matter of law at the close of evidence.  *Id*. at 1288.  Moreover, in *Jang*, the district court had ruled that the Plaintiff could proceed with a DOE theory at trial only shortly before the trial started.  *Id.* at 1289. After the jury returned a verdict in Plaintiff's favor on DOE, the district court gave the parties three weeks to develop evidence, expert opinion, and argument before conducting an evidentiary hearing on the issue of ensnarement.  *Id.*  That three weeks was deemed sufficient for both sides to complete the necessary discovery and expert analysis.  Defendants have plenty of time to conduct both fact and expert discovery concerning ensnarement even according to its own authority. Moreover, Defendants have not pointed to any prior art that Plaintiff's DOE position would purportedly "ensnare." Nor have Defendants complied with their disclosure and discovery obligations such that Plaintiff could engage in the construction of hypothetical claims that would cover alleged equivalents yet not ensnare prior art (which prior art Defendants have not even identified). Thus, it is at best premature to strike DOE contentions based on possible assertion of ensnarement based on as-yet unidentified prior art and as-yet unformulated hypothetical claims.

Indeed, it would inequitable and unjust to do so on this record.  This factor weighs in favor of granting Plaintiff leave to amend.

### 4. Because Defendants Will Suffer No Prejudice If The Court Permits Plaintiff's Amendments, a Continuance Is Unnecessary

As indicated above, the Court has already extended the dates in this case by 90 days. When Plaintiff served its Second Amended Infringement Contentions, the parties had three months to complete fact discovery and more than four months to complete expert discovery. D.I. 80.  Consequently, Defendants require no continuance of any deadlines.

### 5. Whether Plaintiff's DOE Allegations May Be Limited By Prosecution History Estoppel Is Not A Proper Basis On Which To Deny Plaintiff Leave to Amend Its Infringement Contentions

Defendants' suggestion that Plaintiff's DOE allegations may be limited by prosecution history estoppel is unfounded.  The Court need not "analyze the strength of a plaintiff's infringement contentions as part of the good cause determination."  *Cell and Network Selection LLC v. AT&T Inc.*, No. 6:13-CV-403, 2014 WL 10727108, *3 (citing *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-CV-434, at 4 (E.D. Tex. Jan 16, 2009).  See also *IDB Ventures,* 360 F. Supp. 3d at 554 (in evaluating whether a patentee had shown good cause to amend its infringement contentions, the Court rejected Defendant's argument that allowing patentee's amendment would be futile because the patentee purportedly would not be able to satisfy the element of direction or control that was necessary to prove joint infringement, and clarifying that "[i]n the context of this case, that question is more suitable for determination either in summary judgment proceedings or at trial.").  Like the patentee in *IDB Ventures,* Plaintiff should not be deprived of the opportunity to test the viability of its DOE theory at the summary judgment stage.

Defendants have not demonstrated that prosecution history estoppel bars Plaintiff's assertion of literal infringement through DOE in any event.  Defendants have failed to show that

the purportedly narrowing amendments "should be deemed to relinquish equivalents unforeseeable at the time of the amendment and beyond a fair interpretation of what was surrendered." *Festo Corp. v. Shokestsu Kinzoku Kabushiki Co.*, 535 U.S. 722, 738 (2002):

> The narrowing amendment may demonstrate what the claim is not; but it may still fail to capture precisely what the claim is. There is no reason why a narrowing amendment should be deemed to relinquish equivalents unforeseeable at the time of the amendment and beyond a fair interpretation of what was surrendered. Nor is there any call to foreclose claims of equivalence for aspects of the invention that have only a peripheral relation to the reason the amendment was submitted.

Here, Defendants merely recite a number purportedly narrowing amendments to certain claim limitations without pointing out how the original claim language that was the subject of the purportedly narrowing amendments "claimed the subject matter alleged to infringe" in this case but the claim language in the alleged narrowing amendments does not. *Id*. at 733-734.

The amendments to Claim 1 of the '329 Patent do not implicate prosecution history estoppel.  Plaintiff submits that its various infringement contentions demonstrate beyond reasonable dispute that all of the accused products include an "electronic device controller" coupled to receive an activation signal/deactivation signal when a set of earphones are decoupled/coupled from one or more magnets. Indeed, in its infringement contentions, Plaintiff has pointed to specific "electronic device controllers" in each of the accused products and has alleged that each of the accused products are compatible with the Bluetooth standard, which incorporates profiles and protocols including the type of activation/deactivation signals recited in Claim 1 of the '329 Patent.  To the extent that Defendants may have made insubstantial changes to such the signaling profiles and protocols of the Bluetooth standard, Plaintiff should be permitted to argue at trial that such changes are subject to DOE because "[t]here is no reason why a narrowing amendment should be deemed to relinquish equivalents unforeseeable at the time of the amendment and beyond a fair interpretation of what was surrendered." Moreover the amended

claim language submitted on May 18, 2015 was not to avoid prior art, as required for prosecution history estoppel. Rather, it was to overcome a rejection to the claim being dependent on a rejected base claim. Ex. 26 at 22. The Examiner specifically said the claim would be allowable if written in independent form, which is what the applicant did. Ex. 27 at 9 and 14.  Samsung does not— and cannot—credibly argue that, but-for DOE, the purportedly narrowing amendments placed the accused products beyond the reach of infringement of Claim 1 of the '329 Patent.

As for the purported narrowing amendments to Claim of the '556 Patent, Defendants do not argue that the accused products would have infringed the original language of Claim 1 of the '556 and that, but-for DOE, the accused products would not infringe the purportedly narrowed amended language of Claim 1 of the '556. Mot. at 14; Defendants' Exs. 29, 31, 33, and 36. Again, Plaintiff submits that Defendants cannot truthfully make that argument. Plaintiff's Infringement Contentions make abundantly clear that each of the accused products includes a headphones controller "coupled to receive an activation signal" when one or more headphones is decoupled from "one or more outer surfaces;" magnetic second surfaces and magnetically attractable first surfaces; headphones that are removed and decoupled; detection of magnetic decoupling; and an activation signal that causes transmitted audio to be played.  And again, Plaintiff has alleged that each of the accused products are compatible with the Bluetooth profiles and protocols which incorporate the type of activation/deactivation signals recited in Claim 1 of the '556 Patent.  The Samsung accused products likely directly infringe Claim 1 of the '556 Patent, either literally or through DOE, regardless of any of the purportedly narrowing amendments.

Dated:  January 12, 2021

Respectfully submitted,

**KYLE HARRIS LLP**

By:     /s/ John S. Kyle
      John S. Kyle
      Lead Attorney
      California State Bar No. 199196
      2305 Historic Decatur Road, Suite 100
      San Diego, CA 92106
      Email:        jkyle@klhipbiz.com
      Telephone:    (619) 600-0644

**ATTORNEYS FOR SNIK LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of January, 2021.

*/s/ John S. Kyle*
John S. Kyle

## CERTIFICATION

Pursuant to E.D. Texas Local Rule CV-5(B), counsel hereby certifies that the Court has granted leave to file documents under seal pursuant to the Protective Order entered in this matter.

*/s/ John S. Kyle*
John S. Kyle