IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Snik LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>Samsung Electronics Co., Ltd.; and<br>Samsung Electronics America, Inc.,<br><br>             Defendants. | Civil Action No. 2:19-cv-00387-JRG |

**PLAINTIFF SNIK LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

## I.    INTRODUCTION

Samsung has followed its typical playbook with respect to discovery into its financial information relevant to calculation of a reasonable royalty: stonewall, prevaricate, and delay. Samsung abused the discovery process for nearly a year, playing hide-the-ball. All of the documents Snik sought through discovery and now moves to compel are well within the scope of Fed. R. Civ. P. 26(b), are not privileged, and are not unduly burdensome for Samsung to produce:

- Documents to show the underlying detail and data concerning costs of goods sold and operating expenses for Accused Products, as reflected on spreadsheets Samsung has produced as SAMSUNGSNIK-00015515-00015519 which merely list a single number for COGS and Operating Expenses;

- A complete bill of materials in the form of a native XL spreadsheet for each Accused Product, with cost data for all components in the accused products;

- Documents quantifying the hours spent and money paid by Samsung pertaining to the engineering effort on the functionality of Hall sensors, touch sensors, the out of box experience, battery life, and wear detection of each of the Accused Products;

- Documents to show the manufacturing and production costs of Accused Products, together with the transfer pricing for sales of Accused Products from Samsung Electronics Co. Ltd. to Samsung Electronics America, Inc.

During meet-and-confer conferences, Samsung never claimed that producing these documents would be unduly burdensome. Samsung simply refused to locate and produce them, instead arguing that Snik had to make some particularized showing of relevance to obtain obviously discoverable information. Most recently, Samsung proffered (grossly unprepared) Mr. Sean Diaz, with whom this Court is well familiar, as its 30(b)(6) witness to testify concerning such issues.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") infringe two patents of Plaintiff Snik LLC ("Snik")—Patent No. 9,167,329 (the "'329 Patent") and Patent No. 9,769,556 (the "'556 Patent") (together the "Patents-in-Suit"). The Patents-in-Suit disclose and claim systems and methods for employing magnets and electronic device controllers in headset systems to control the operation of electronic devices. Snik presented the

Patents-In-Suit to Samsung in early 2018, but Samsung refused to either acquire or license them. Snik contends Samsung has been selling accused products since at least 2017.

In its original Complaint filed on November 25, 2019, and in its Infringement Contentions served on March 23, 2020, Snik accused three Samsung products. On December 2, 2020, Snik served its First Amended Disclosure of Asserted Claims and Infringement Contentions, accusing five Samsung products—Level U Pro and Level U Pro Active Noise Cancelling neckband-type wireless headphones, and Galaxy Buds, Galaxy Buds+ and Galaxy Buds Live true wireless earbuds (collectively, "Accused Products").  Snik contends that each of the Accused Products employs magnetic Hall-effect sensors and micro-controller chips to control external electronic devices to which the earbuds/headphones are paired through Bluetooth.

On April 17, 2020, Snik served Samsung with a first set of Interrogatories and a first set of Requests for Production of Documents (Nos. 1-82, "Document Requests").  Snik's Document Requests relating to Samsung's profitability for sales of Accused Products included the following:

> **REQUEST FOR PRODUCTION NO. 64:**
> DOCUMENTS sufficient to show the profitability of each ACCUSED PRODUCT, INCLUDING revenues, costs of goods sold, order contributions, product margins, gross margins, credits, returns, and operating profits.
>
> **REQUEST FOR PRODUCTION NO. 75:**
> DOCUMENTS sufficient to show SAMSUNG's cost for each of the Hall-effect sensors, touch sensors, touch sensor controllers, BCM43013, BCM43014, BCM43015, ABOVF6432AUB, Samsung S2MUA01X, Samsung S2MUB01X , CSR8675 Bluetooth audio SOC, the MICRO CONTROLLER UNITS and the SOCs in all ACCUSED PRODUCTS.

On May 18, 2020, Samsung served Objections and Responses to Snik's Interrogatories, but failed to serve any response or objections to Plaintiff's Document Requests.

On July 22, 2020, the parties met and conferred concerning Samsung's deficient discovery responses, mandatory disclosures, and document production.  During that call, Samsung admitted that it had not yet produced a number of categories of relevant documents including documents responsive to Snik's Document Requests.  Oddly, Samsung insisted that it was not required to

provide any response to Plaintiff's Document Requests because there is no such requirement in the E.D. Texas.[1]  Samsung assured Snik that responsive documents would soon be produced.

Over the next four (4) months, Samsung made four additional document productions to Snik, none of which included any sales information.  On or about November 10, 2020, Snik served a second set of Interrogatories (Nos. 25-30, "Set Two Interrogatories"), including the following:

> **INTERROGATORY NO. 25**
> For each ACCUSED PRODUCT, state, on a quarterly basis starting from first sale in the United States and continuing to the most recent sale in the United States, the quantity YOU sold in the Unites States and the corresponding gross revenue, cost of goods sold, operating profit, and net income.

On December 18, 2020, Samsung served its responses to Set Two Interrogatories.  In response to Interrogatory No. 25, Samsung elected not to provide any substantive information.

Having still not received **any documents** supporting Samsung's revenue, costs and expenses relating to sales of Accused Products, on December 4, 2020, Snik wrote a 14-page letter to Samsung identifying the myriad categories of documents Samsung had failed to produce; two relevant pages (pp. 10-11) of that letter are attached as Exhibit 1.  On December 14, the parties had a telephonic meet-and-confer conference, and Samsung admitted it had still not produced any financial documents depicting sales data.  Remarkably, Samsung advised that the reason it had not yet produced such documents was that the parties had been engaging in settlement discussions.  Samsung again assured Snik that it would produce the requested documents in the next couple of weeks as to all products except the Galaxy Buds Live, which documents would be produced shortly thereafter.

---

[1] Contrary to Samsung's assertion, patent litigants in the E.D. Texas must comply with the requirements of Rule 34.  See, e.g., *Largan Precision Co., Ltd. v. Ability Opto-Electronics Tech. Co., Ltd.*, No. 4:19-cv-696, 2020 WL 4201931, at *1-2 (E.D. Tex. July 22, 2020) (granting in part patentee's motion to compel documents requested from accused infringer, discussing the requirements of Fed. R. Civ. P. 34, and clarifying that "[A]fter responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law," and that the rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection.").

3

A month later, Samsung had still not produced any financial documents. Samsung sent Snik a letter dated January 12, 2021 in which it again admitted that it had not yet produced any documents from which Snik could ascertain the number of net units sold and net revenue of Accused Products, and represented that it would "produce relevant, responsive, and non-privileged documents from which Snik may ascertain the number of net units sold and net revenue of the accused products in this case." See relevant page (p. 32) of Samsung letter attached as Exhibit 2.

On January 15, 2021, Samsung produced a bare-bones 5-page spreadsheet (SAMSUNGSNIK-00015515 to 15519) depicting for each Accused Product on a quarterly basis a single number for quantity sold, sales, COGS, and Operating Expenses. On February 5, 2021, Samsung produced a more legible copy of this same spreadsheet. Those two spreadsheets, and one additional spreadsheet that includes sales information concerning additional quarters of sales for some Accused Products, comprise all the sales and cost information Samsung has produced to date.

On February 9, 2021, Snik sent another letter to Samsung identifying specific documents that were still missing from Samsung's productions. Among the documents Snik requested were the cost documents Snik seeks in this motion. See relevant pages (pp. 1-2) of Snik letter attached as Exhibit 3. When the parties met and conferred on February 19, 2021, Samsung claimed it did not understand what cost documents Snik was seeking and expressed confusion as to which documents might contain the requested information[2].

On February 24, 2021, Snik took the deposition of Sean Diaz, Samsung's 30(b)(6)[3] witness designated to testify on topics numbers 55-59, the "sales, pricing, and revenue RELATING TO [each Accused Product], including actual and forecasted unit prices, sales,

---

[2] Jin-Suk Park, Ryan Nishimoto, and Melissa Smith participated in the telephonic conference on behalf of Samsung. John Kyle and Laura Gantney participated on the call on behalf of Snik LLC.
[3] On November 17, 2020, Snik served each of the Samsung Defendants with a Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) ("30(b)(6) Notices"). In the 30(b)(6) Notices, Snik additionally requested that both Samsung Defendants produce certain categories of documents; these document categories included, at Request Nos. 64 and 79, requests for the same types of sales and cost documents that Snik previously requested in written discovery as Document Request Nos. 64 and 75.

revenues, costs, and profits." Mr. Diaz was grossly unprepared to provide testimony on these five (5) topics.[4] Further, Samsung improperly claimed that Mr. Diaz was only required to provide limited testimony on the five topics subject to Samsung's objections to Snik's 30(b)(6) Notice.[5]

### III.    ARGUMENT

#### A.    The Requested Documents Are Within The Scope Of Permissible Discovery

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to demonstrate why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive. *Edward D. Ioli Trust v. Avigilon Corp.*, No. 2:10-cv-605, 2012 WL 5830711, at *1 (E.D. Tex. Nov. 16, 2012).

Information and documents reflecting an accused infringer's sales, profits, and costs are relevant and are typically produced in a patent case. *EVS Codec Technologies, LLC v. OnePlus Technology (Shenzhen) Co., Ltd.,* No. 2:19-cv-00057, 2020 WL 6365514, at *1-2 (E.D. Tex. Apr. 9, 2020) (compelling accused infringer to produce its worldwide sales information because it is relevant to reasonable royalty calculations and to commercial success as a defense to

---

[4] Because Samsung designated the entire transcript of Mr. Diaz's deposition as AEO (remarkable since he knew virtually nothing), Snik will not provide the testimony in this Motion, but Snik will provide the Court with the rough transcript of the deposition should the Court want to review it.
[5] Upon receiving a 30(b)(6) Notice, a corporate party has only two options: (1) designate a knowledgeable person to testify at the deposition, or (2) move for a protective order. *DDR Holdings, LLC v. Hotels.com, L.P.*, No. 2:06-CV-42, 2012 WL 2935172, at *2 (E.D. Tex. July 18, 2012) (granting Plaintiff's motion to compel a knowledgeable corporate representative, and explaining that to comply with the Fed. R. Civ. P. and the Local Rules, a party receiving a 30(b)(6) notice must seek a protective order if the parties do not reach an agreement about limiting the scope of the noticed topics); see also *Motiva Patents, LLC v. Sony Corporation*, No. 9:18-cv-00180, 2019 WL 6648298, at *1 (E.D. Tex. April 3, 2019). Samsung did neither. Samsung elected not to file a motion for a Protective Order because it well knew that Snik is entitled to the requested discovery. See *DDR Holdings, LLC v. Hotels.com, L.P.,* at *2, with Court expressing same concern.

obviousness, and could be indicative of the overall financial health of a company which may weigh in the hypothetical negotiation); *DDR Holdings, LLC v. Hotels.com,. L.P.*, No. 2:06-cv-42, 2012 WL 2935315, at *2 (E.D. Tex. July 18, 2012) (granting patentee's motion to compel accused infringers to provide more complete information relating to revenue attributable to sales of accused technology, and finding that because the infringers compile the requested information in their ordinary course of business, it would not be burdensome to hand over the information); *Adaptix, Inc. v. Ericsson, Inc.*, No. 6:12cv369, 2014 WL 12607776, at *1-3 (E.D. Tex. July 21, 2014) (granting patentee's motion to compel documents concerning revenue, gross profit and operating profit, finding they were relevant to the issue of patentee's damages, including several of the *Georgia Pacific* factors); *GSI Group, Inc. v. Sukup Mfg. Co.*, 2007 WL 1390611, at *2 (C.D. Ill. May 9, 2007) (granting patentee's motion to compel accused infringer to produce financial reports that contained costs data relevant to understanding the deposition testimony of the accused infringer's witness and to evaluate the opinions of the accused infringer's damages expert); *Chembio Diagnostic Systems, Inc. v. Saliva Diagnostic Systems, Inc.,* 236 F.R.D. 129, 138-39 (E.D. N.Y. 2006) (granting patentee's motion to compel accused infringer to produce documents relating to infringer's manufacturing costs, vendor communications, and customer purchases because those documents were relevant to determining damages.)

Samsung's concealment of documents that would establish the actual costs it incurred in manufacturing the Accused Products and its transfer pricing of Accused Products SEC sold to SEA, together with more granular data concerning its alleged COGS and operating expenses is unconscionable.  And this is not the first time it has Samsung has engaged in this abuse of discovery in this Court.  In *Koninklijke KPN N.V. v. Samsung Electronics Co., Ltd.,* No. 2:14-cv-1165, 2016 WL 7042222, at *1, 3 (E.D. Tex. July 25, 2016), the Court discussed the reason for its earlier order compelling Samsung to produce component level financial statements.  The Court explained that such documents "should enable Plaintiff to withstand a later attack on its damages model," and that with "component-level cost information, Plaintiff could do so, and meet its

obligation to apportion its damages model, for example, according to the smallest salable patent-practicing unit principle or any other principled methodology." *Id.* at *3. Notably, the Court also continued plaintiff's deadline to serve its damages expert report for fourteen (14) days after the date of Samsung's production. *Id.* at *1.

### B. Samsung Was Long Ago Obligated To Produce The Requested Documents

The Discovery Order (Dkt. #23 at p. 3) and the original Docket Control Order (Dkt. #22) required Samsung to produce by April 13, 2020, as part of its additional disclosures, and without awaiting a discovery request, all documents "relevant to the pleaded claims or defenses involved in this action." The original Docket Control Order also required Samsung to substantially complete document production by August 26, 2020, and to "make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline." Moreover, Snik's Document Requests, Set Two Interrogatories, and 30(b)(6) Notices all requested the cost/expense information and documents that Snik seeks in this Motion.

### IV. CONCLUSION

Snik requests the Court order Samsung to produce the above-described categories of improperly withheld documents. Snik further requests that the Court grant Snik an additional fourteen (14) days to serve its expert report on damages, running from the time Samsung produces the requested documents. Snik also asks the Court to compel Samsung to make Mr. Diaz available for a second deposition session after Samsung has produced the requested documents.

Dated: February 26, 2021                    Respectfully submitted,

                                                                     **KYLE HARRIS LLP**

                                                                     By:   */s/ John S. Kyle*
                                                                          John S. Kyle
                                                                          Lead Attorney
                                                                          California State Bar No. 199196
                                                                          2305 Historic Decatur Road, Suite 100
                                                                          San Diego, CA 92106
                                                                          Email:       jkyle@klhipbiz.com
                                                                          Telephone:   (619) 600-0644

                                                              **ATTORNEYS FOR SNIK LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 26th day of February, 2021.

*/s/ John S. Kyle*
John S. Kyle

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that is an opposed motion.  The parties have met and conferred several times from July 2020 to February 2021 concerning relevant documents that Samsung has failed to produce.  Most recently, the parties conferred telephonically on February 19, 2021.  On February 19, 2021, I, as counsel for Plaintiff Snik LLC, participated in the meet-and-confer conference with Jin-Suk Park and Melissa Smith, lead and local counsel for Samsung.  Also in attendance were my associate, Laura Gantney, for Snik LLC, and Ryan Nishimoto as counsel for Samsung.  Samsung refused to produce any back-up documents supporting the cost of goods sold or operating expenses for each accused product, insisting that Snik must first identify the titles of such documents before Samsung would be capable of searching for the documents requested.  With respect to other cost-related documents Snik seeks in this motion, Samsung generally advised that it was still searching for documents, that it did not know whether responsive documents exist, and/or that responsive documents within the scope of Rule 26(b) may not exist.  Thus, Snik believes that discussions have ended in an impasse, leaving an open issue for the Court to resolve.

Dated:  February 26, 2021                                    */s/ John S. Kyle*
                                                                              John S. Kyle